IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **LUTHER C. BASHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:07-0533 |
| | ) | |
| **ADAM CAYTON, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDATION</u>**

On April 3, 2008, Plaintiff filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody which has been designated <u>Basham v. Ballard</u>, Civil Action No. 2:08-0231, Chief Judge Goodwin presiding. (Document No 2.) Plaintiff indicated in his Petition in that case (Document No. 2, p. 13.) that he raised the same matters as he does in that case in <u>Basham v. McBride</u>, 06-MISC-0359, in the Circuit Court of Kanawha County, Judge King presiding.[1] Plaintiff further indicated that Judge King dismissed his case because "jurisdiction does not exist to grant relief" and the West Virginia Supreme Court of Appeals denied his Petition for review. (<u>Id.</u>, p. 14.) Having obtained a copy of Petitioner's Petition for Writ of Habeas Corpus in

---

[1] In his Complaint in this case filed on August 30, 2007, Plaintiff was asked "[h]ave you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your lawsuit?" (Document No. 3, p. 1.) Plaintiff answered "No." It nevertheless appears that *Basham v. McBride*, 06-MISC-0359, in the Circuit Court of Kanawha County, was based upon the same facts and circumstances as alleged in this case. Plaintiff's State Court proceedings based upon the same facts alleged herein were concluded on July 24, 2007, when the West Virginia Supreme Court of Appeals refused Plaintiff's appeal of the Circuit Court's September 5, 2006, Order denying Plaintiff's claims. Plaintiff filed his Complaint in this case about five weeks later. Having learned this in preparing Proposed Findings and Recommendation in *Basham v. Ballard*, Civil Action No. 2:08-0231, the undersigned determined that there are additional reasons for recommending dismissal of this case and submits this Supplemental Proposed Findings and Recommendation to state them.

Basham v. McBride, 06-MISC-0359, in the Circuit Court of Kanawha County, Judge King's Order and the Order of the West Virginia Supreme Court of Appeals in Basham v. McBride, Appeal No. 062795, the undersigned finds that Plaintiff alleged the same facts and circumstances as he does herein in the Kanawha County Circuit Court and his appeal was refused on July 24, 2007. The undersigned attaches hereto a copy of Plaintiff's Petition in Basham v. McBride, 06-MISC-0359, in the Circuit Court of Kanawha County, Judge King's Order and the Order of the West Virginia Supreme Court of Appeals in Basham v. McBride, Appeal No. 062795. In view of these circumstances, the District Court can have no subject matter jurisdiction in this Section 1983 case. The Rooker-Feldman Doctrine precludes Plaintiff's indirect attempt is this matter essentially to re-litigate and undermine the decision of Judge King in the Circuit Court of Kanawha County in Basham v. McBride, 06-MISC-0359. *See* Plyler v. Moore, 129 F.3d. 728, 731 (4th Cir. 1997), *cert. denied*, 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998). The Doctrine of *Res Judicata* also applies to bar Petitioner's claims herein. *See* Warwick Corp v. Maryland Dept. of Transp., 573 F.Supp. 1011, 1013 (D.Md. 1983)("A prior state court adjudication of a federal constitutional right bars a subsequent federal action seeking vindication of the same right.") For these additional reasons, Plaintiff's Complaint in this matter must be dismissed.

### PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing supplemental findings and **RECOMMENDS** for the additional reasons stated above that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 3.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Supplemental Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: May 22, 2008.

R. Clarke VanDervort
United States Magistrate Judge