IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

LUTHER C. BASHAM,

        Plaintiff,

v.                                                                                          CIVIL ACTION NO.  5:07-cv-00533

ADAM CAYTON, et al.,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Application to Proceed without Prepayment of Fees [Docket 1], Plaintiff's Motion for an Enlargement of Time [Docket 16], Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause [Docket 17], and Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Dockets 19].  Pursuant to the Standing Order entered on August 1, 2006, and filed in this case on August 30, 2007, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for pretrial management and submission of Proposed Findings and a Recommendation (PF&R) pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort filed a PF&R [Docket 13] on May 7, 2008, and Plaintiff filed Objections to the PF&R [Docket 14] on May 16, 2008.  Magistrate Judge VanDervort filed a Supplemental PF&R [Docket 15] on May 22, 2008, and Plaintiff filed Objections to the Supplemental PF&R [Docket 18] on June 6, 2008.

*I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

The full factual and procedural history is set forth in the original PF&R. Plaintiff Luther Basham, an inmate at Mount Olive Correctional Complex (MOCC), argues that Defendants Correctional Officer Adam Cayton, Chief Correctional Officer Robert Rhodes, Correctional Magistrate Thomas McBride, and James Rubenstein, Commissioner of the West Virginia Division of Corrections, violated Plaintiff's Fourteenth and Eighth Amendment rights by placing him in punitive segregation without proper due process. Plaintiff alleges that on May 12, 2006, he was properly receiving medical treatment at his regularly scheduled time when Officer Cayton informed him that he did not have permission to be in the medical unit and ordered him to return to his housing unit. Plaintiff then allegedly "departed the medical until and returned to his housing under protest." (Docket 3 at 11.)

Thereafter, Plaintiff was served with a rule violation report for refusing an order in violation of Disciplinary Rule 2.01 on May 19, 2006. Plaintiff pled not guilty to the disciplinary rule infraction in MOCC's Magistrate Court on May 23, 3006, where he was allegedly denied the right to call witnesses to testify on his behalf. Plaintiff was found guilty by MOCC's Magistrate Court and was sentenced to thirty days in punitive segregation and thirty days loss of privileges. Plaintiff appealed his conviction to the Warden of MOCC, and his appeal was denied by Correctional Magistrate McBride. Plaintiff next filed an appeal to the commissioner of corrections, which was denied by Commissioner Rubenstein. On August 24, 2006, Plaintiff filed a petition in the Circuit Court of Kanawha County in *Basham v. McBride*, 06-MISC-0359. Judge Charles E. King, Jr. entered an order in that case denying Plaintiff's petition on September 5, 2006. The West Virginia Supreme Court of Appeals denied Plaintiff's petition for review on July 24, 2007.

Plaintiff filed the instant action on August 30, 2007. In his Supplemental PF&R, Magistrate Judge Vandervort found that the facts and circumstances alleged in the present action are the same as those asserted in Kanawha County Circuit Court. Therefore, he found that under the *Rooker-Feldman* doctrine, the Court does not have subject matter jurisdiction to hear the present action. Plaintiff filed a timely objection to the Supplemental PF&R and argued that because he is a *pro se* plaintiff, he should not be bound by the state court's decision. The briefing is complete, and the matter is now ripe for the Court's consideration.

## II. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III. ANALYSIS

"Under the *Rooker-Feldman* doctrine, lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (citing *District of Columbia Ct. App. v. Feldman,* 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). "The *Rooker-Feldman* doctrine

3

bars consideration not only of issues actually presented to and decided by a state court, but also of constitutional claims that are 'inextricably intertwined with' questions ruled upon by a state court, as when success on the federal claim depends upon a determination 'that the state court wrongly decided the issues before it.'" *Plyer* 129 F.3d at 731 (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995)).

On September 5, 2006, Judge King entered an order in the Circuit Court of Kanawha County denying Plaintiff's Writ of Habeas Corpus on the merits in *Basham v. McBride*, 06-MISC-0359, and the West Virginia Supreme Court of Appeals denied Plaintiff's petition for an appeal. Based on a review of the petition, it is clear that the facts and circumstances alleged in the action before Judge King are the same as those alleged in the present action. Moreover, Plaintiff does not dispute that the facts and circumstances in the instant action were addressed in state court.

Instead, Plaintiff bases his objection on the fact that because he is a pro se plaintiff, he was unaware that by litigating his federal claims in state court he was electing to forgo his right to have his claims heard by this Court. Plaintiff's argument is similar to that made by a pro se plaintiff in an unpublished opinion by the Fourth Circuit, *Alexander v. Warden, MD Penitentiary*, 842 F.2d 1289, 1988 WL 21241, at *1 (4th Cir. 1988) (unpublished table opinion).

In *Alexander*, the pro se plaintiff alleged that "pro se litigants should not be barred from reasserting their claims in federal court even if they have unsuccessfully litigated the same claims in state court." *Id.* The court found that "[t]he full and fair opportunity requirement is satisfied if the state proceedings met the minimum procedural requirements of the due process clause. *Alexander*, 1988 WL 21241, at *1 (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481(1982));

*see also, In re H. S. Dorf & Co.*, 274 F.Supp. 739, 747 (S.D. N.Y. 1967) (holding that *pro se* plaintiff was bound by the final decision of the state court).

As an unpublished opinion that was decided more than twenty years ago, *Alexander* is not binding; however, the Court finds the case persuasive. Applying the law in *Alexander* and *Rooker-Feldman*, the Court **FINDS** that Plaintiff's mere status as a pro se plaintiff does not afford the Court subject matter jurisdiction. In addition, Plaintiff has made no allegations that he did not receive minimum procedural requirements that he is entitled to in the state proceeding. Accordingly, Plaintiff's objections are **OVERRULED**.

*IV.  CONCLUSION*

For the reasons stated above, Plaintiff's Objections [Docket 18] are **OVERRULED**, and the Court **ADOPTS** Magistrate Judge VanDervort's Supplemental PF&R [Docket 15]. Accordingly, Plaintiff's Application to Proceed without Prepayment of Fees [Docket 1] is **DENIED** and Plaintiff's Complaint [Docket 3] is **DISMISSED**. In addition, Plaintiff's Motion for an Enlargement of Time [Docket 16], Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause [Docket 17], and Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction [Docket 19] are **DENIED AS MOOT**. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 24, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE